# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-0511V
Filed: October 18, 2019
UNPUBLISHED

| | |
|---|---|
| VICTORIA DITSCHE,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Linda Sara Renzi*, U.S. Department of Justice, Washington, DC, for respondent.

## **DECISION AWARDING DAMAGES**[1]

**Corcoran**, Chief Special Master:

On April 6, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on November 23, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 29, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On October 18, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $64,183.12. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered

---

[1] I intend to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award.  *Id.*  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $64,183.12 in the form of a check payable to petitioner, Victoria Ditsche.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                    **s/Brian H. Corcoran**
                                    Brian H. Corcoran
                                    Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| VICTORIA DITSCHE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18-511V |
| v. ) | Chief Special Master |
| ) | Brian H. Corcoran |
| SECRETARY OF HEALTH AND HUMAN ) | ECF |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.   Compensation for Vaccine Injury-Related Items**

On April 26, 2019, respondent filed a Rule 4 (c) Report conceding entitlement in this case. On April 2, the Court issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA"). Respondent proffers that based on the evidence of record, petitioner should be awarded $64,183.12 (constituting $60,000.00 in pain and suffering, and $4,053.12 in lost wages, and $130.00 in past unreimbursed expenses). This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4).  Petitioner agrees.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

> A lump sum payment of $64,183.12, in the form of a check payable to petitioner, Victoria Ditsche.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

/s/ Linda S. Renzi
LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4133

Dated:  October 18, 2019

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.